UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ESCHELL ASHCROFT,

                Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                Defendant.

**ORDER**

1:18-CV-00603 EAW

## **INTRODUCTION**

*Pro se* plaintiff Eschell Ashcroft ("Plaintiff") is an inmate confined at Wende Correctional Facility ("Wende"). He filed a Complaint alleging various claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983. (Dkt. 1). Plaintiff's Complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Plaintiff's ADA and Rehabilitation Act claims against the substituted defendant New York State Department of Corrections and Community Supervision ("DOCCS") were deemed sufficient to proceed to service, and Plaintiff was granted leave to file an amended complaint to cure the pleading deficiencies with respect to his remaining claims. (Dkt. 11).

Plaintiff timely filed an Amended Complaint. (Dkt. 13). Plaintiff's ADA and Rehabilitation Act claims against DOCCS were deemed sufficient to proceed to service. (Dkt. 14). Currently pending before the Court is Plaintiff's motion for a preliminary injunction. (Dkt. 16). For the reasons set forth below, the Court denies Plaintiff's motion.

- 1 -

## DISCUSSION

### I. Legal Standard

In order to obtain a preliminary injunction, the moving party must establish the following: (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits; (3) the balance of equities tipping in favor of the moving party; and (4) the public interest is served by an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the moving party is unable to demonstrate a likelihood of success on the merits, a court may still issue a preliminary injunction if the moving party demonstrates "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

"Normally, the purpose of a preliminary injunction is to maintain the status quo ante pending a full hearing on the merits. Occasionally, however, the grant of injunctive relief will change the positions of the parties as it existed prior to the grant." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (citations omitted), *overruled on other grounds*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). "A higher standard applies . . . if the requested injunction is 'mandatory,' altering rather than maintaining the status quo, or if the injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if defendant prevails at a trial on the merits." *People for Ethical Treatment of Animals v. Giuliani*, 105 F. Supp. 2d 294, 303 (S.D.N.Y. 2000), *report*

*and recommendation adopted*, No. 00 CIV. 3972 (VM), 2000 WL 1639423 (S.D.N.Y. Oct. 31, 2000), *aff'd*, 18 F. App'x 35 (2d Cir. 2001). The Second Circuit has "held that a mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (quotations and citation omitted).

## II. Plaintiff has not Demonstrated his Entitlement to a Preliminary Injunction

Plaintiff seeks a mandatory preliminary injunction that would alter the status quo, and therefore is required to make a clear showing of his entitlement to relief. Plaintiff's motion simply consists of a two-page list of items he requests. (*See* Dkt. 16 at 1-2 (Plaintiff's requested items include: a talking dictionary, a waterproof talking watch, a portable pocket cctv, an adjustable shower knob, shower railing, a shower bench, shower books, and the removal of the Plexiglass from the shower gate door)). Accordingly, Plaintiff has failed to satisfy his burden.

Plaintiff has not submitted a single piece of evidence to this Court that would support his request for a mandatory preliminary injunction. The Court cannot grant a preliminary injunction under these circumstances. *See Anderson v. Mex. Acad. & Cent. Sch.*, 186 F. Supp. 2d 193, 209 (N.D.N.Y. 2002) (mandatory preliminary injunction denied where plaintiffs did not produce evidence "establishing a clear or substantial likelihood of success on the merits"); *Purdie v. Supervisor, Admin. Mail Room, Auburn Corr. Facility*, No. 9:09CV951FJS/ATB, 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010) (mandatory preliminary injunction denied where the plaintiff submitted no "proof or evidence

[meeting] [the preliminary injunction] standard"). Because Plaintiff has not supported his request for preliminary injunctive relief with proper evidence, his motion must be denied.

## III. Plaintiff has not Complied with the Court's Local Rules

The Court notes as an additional point that Plaintiff's failure to submit any sworn affidavits or declarations in connection with his motion for a mandatory preliminary injunction violates this Court's Local Rules. In particular, Plaintiff has not complied with Local Rule of Civil Procedure 7, which provides in relevant part:

> Except for motions brought under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), 12(c) (judgment on the pleadings), and 12(f) (to strike), motions and opposition to motions shall be supported by at least one (1) affidavit and by such other evidence (*i.e.*, deposition testimony, interrogatory answers, admissions, and documents) as appropriate to resolve the particular motion. Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party.

L. R. Civ. P. 7(a)(3). While the Court does not rely on this lack of compliance in resolving Plaintiff's motion, Plaintiff is reminded that any future submissions in this matter must comport with the Court's Local Rules.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for a preliminary injunction. (Dkt. 16).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 13, 2020
Rochester, New York